| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>*/s/ Hisham I. Masri*<br>HISHAM I. MASRI, ESQ. (HM-4159)<br>MASRI & ASSOCIATES, LLC<br>1455 Main Avenue, Suite 2<br>Clifton, NJ 07011<br>(973) 553-0004<br>Attorneys for Plaintiff | Chapter:  7<br><br>Case No. 11-23864 DHS<br><br>Judge: Hon. Donald H. Steckroth<br><br>Adv. Proc. No.: 12-01173 |
| In Re:<br><br>WILLIAM N. DESTEFANO,<br>          Debtor. | **CERTIFICATION OF<br>HISHAM I. MASRI, ESQUIRE** |
| LAUREN DESTEFANO,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM N. DESTEFANO,<br><br>Defendant. | |

Hisham I. Masri, Esquire, of full age, hereby certifies as follows:

1. I am an attorney for the plaintiff in the above-captioned matter and as such, am fully familiar with the facts of this matter.

2. I make this certification support of the within Motion for Summary Judgment.

3. The Plaintiff is the former spouse of the Defendant.

4. The Plaintiff seeks a declaration of non-dischargeability of outstanding debts owed by the Defendant payable to the Plaintiff.

5. The pertinent facts of this case are not in dispute. As set forth in detail below, following extensive matrimonial litigation, and after completion of a lengthy plenary hearing

regarding the parties' pre-nuptial agreement, the New Jersey Superior Court awarded the Defendant's former spouse fees and costs in connection with the parties divorce proceeding.

6. Prior to final judgment in the divorce action, the Defendant filed a motion to set aside the parties' pre-nuptial agreement. **See Exhibit A – Prenuptial Agreement.**

7. After a lengthy hearing, the Court denied the Defendant's application to set aside the pre-nuptial agreement. **See Exhibit D – July 27, 2010 Order.**

8. The pre-nuptial agreement settled all issues in the divorce action.

9. The Defendant filed a motion for reconsideration seeking to amend and/or alter the July 27 Order which upheld the validity of the pre-nuptial agreement.

10. On October 5, 2010, the Court denied Defendant's motion for reconsideration and the Defendant was ordered to reimburse his former spouse $1,875.00 for household expenses paid. **See Exhibit E – October 5, 2010 Order.**

11. On December 17, 2010, following the filing of an Order to Show Cause by the Plaintiff which was necessitated by Defendant's lack of compliance with the Court's previous orders, the Court again ordered the Defendant to pay Plaintiff $1,875.00 for reimbursement of household expenses, as ordered on October 5, 2010. In addition, the defendant was ordered to pay counsel fees in the amount of $625.00 for the filing of the Order to Show Cause. **See Exhibit F – December 17, 2010 Order.**

12. Paragraph 6.C. of the prenuptial agreement is entitled "**Property Settlement Payments** to Mrs. Fowler" (the Plaintiff was known as "Mrs. Fowler" prior to her marriage to the defendant). (Emphasis added). **See Exhibit A at ¶ 6.C.**

13. Pursuant to Paragraph 6.C.1 of the prenuptial agreement, the parties agreed as that:

> Mr. DeStefano will pay Mrs. Fowler $12,000 within 30 days after Termination of Marriage and $1,000 per month for a period equal to the number of months that the marriage lasted beginning on June 6, 2002. (**See Exhibit A** at ¶ 6.C.1)).

14. Pursuant to paragraph 6.C.1 of the prenuptial agreement and by Order of the Superior Court of New Jersey which upheld the validity of the agreement during the parties' divorce proceeding, Defendant is indebted to his former spouse in the amount of $12,000.00 plus $1,000.00 per month for eighty-eight (88) months for a sum of $100,000.00.

15. Paragraph 6.D. of the pre-marital agreement states as follows:

> Mrs. Fowler loaned Mr. DeStefano money in June 2000 and as of June 6, 2002, the balance owed Mrs. Fowler is $27,500, plus accrued interest at the rate of prime plus two percent. This loan is payable on demand. Upon termination of the marriage, Mr. DeStefano will repay Mrs. Fowler the entire remaining balance with interest at prime plus two percent from inception as follows:
>
> - 50% within 180 days after termination of marriage.
> - The balance of the loan within one year after termination of marriage. (**See Exhibit A** at ¶ 6.D-6.D.2)).

16. Pursuant to Paragraphs 6.D-6.D.2 of the parties' prenuptial agreement and by Order of the Superior Court of New Jersey which upheld the validity of the pre-nuptial agreement during the course of the parties' divorce proceeding, as of May 2011, Defendant was indebted to his former spouse in the amount of $94,983.77 of which $47,491.85 was past due. **See Exhibit A at ¶ 6.D-6.D.2. and Exhibit D.**

17. To date, the Defendant owes his former spouse $182,983.77, plus interest, pursuant to the Agreement. **See Exhibit A.**

18. The defendant was also ordered to directly reimburse the plaintiff $2,500 during the course of the parties divorce proceedings. **See Exhibit E and Exhibit F.**

19. In addition, Defendant owes his former spouse $72,733.21 in attorney's fees incurred in defending and enforcing the Agreement in divorce court.

20. The Plaintiff has incurred approximately $11,278.28 in additional attorneys' fees in litigating the dischargeability of the debt owed to his former spouse.

21. The parties have exchanged discovery in the form of Interrogatories, Demand for Documents and Requests for Admissions.

22. In sum, defendant is indebted to his former spouse in the amount of $269,495.26. Such amount is due to plaintiff and is nondischargeable as it arose from a divorce and is owed to a former spouse.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: June 27, 2012                    /s/Hisham I. Masri
                                        _____
                                        HISHAM I. MASRI, ESQ.
                                        Attorney for Plaintiff